IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

                Plaintiff,

v.

ANTHONY SCIBELLI,

                Defendant.

Criminal Case No. 19-30027-MGM

## MEMORANDUM AND ORDER DENYING THE GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION

Defendant Anthony Scibelli is charged by indictment with Collection of Extensions of Credit by Extortionate Means in violation of 18 U.S.C. § 894(a).  On the government's motion for detention, the court held a hearing under the Bail Reform Act, 18 U.S.C. § 3142(f) ("BRA"). For the reasons set forth below, the government's detention motion is denied.

The BRA provides, in pertinent part, that a court may order a defendant detained pending trial if he has been charged with a "crime of violence" and if the government shows, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  *See* 18 U.S.C. § 3142(f)(1)(A); *United States v. Totora*, 922 F.2d 880, 884 (1st Cir. 1990) (the government must "prove clearly and convincingly that no set of release conditions would reasonably assure the community's safety"); *United States v. DiGiacomo*, 746 F. Supp. 1176, 1181 (D. Mass. 1990) (same).[1]  Extortion is a crime of

---

[1] The government's motion for pretrial detention stated that it sought pretrial detention because no conditions of release would reasonably assure the defendant's appearance as required or the

violence within the meaning of the BRA.  *See United States v. Agnello*, 101 F. Supp. 2d 108, 110

(E.D.N.Y. 2000); *United States v. Quintina*, 845 F. Supp. 38, 39 (D. Mass. 1994).  Accordingly,

the court is required to determine whether the defendant would pose a danger to the community

if he were released from custody at this time, and, if so, whether there is a condition or

combination of conditions that will reasonably assure the safety of other persons and the

community if the defendant is released pending trial.  *See, generally, Quintana*, 845 F. Supp. at

38.  In making these determination, the court is required to consider the factors listed in 18

U.S.C. § 3142(g), which include the nature and circumstance of the offense charged; the weight

of the evidence against the defendant; and the history and personal characteristics of the

defendant, including, insofar as relevant to this defendant, his character, physical and mental

condition, family ties, past conduct, history relating to drug or alcohol abuse, criminal history,

record concerning appearances at court proceedings, and whether, at the time of arrest, the

defendant was under court supervision pending trial or following incarceration.

As to the nature of the crime charged, extortion involves at least the threat of violence

and the government presented evidence of both threats and the actual use of violence here.  The

government acknowledges that certain events have raised questions about the credibility of its

principle witness who is the alleged victim in the case (hereinafter "A.V.").  Nonetheless, the

evidence at the detention hearing indicated that the government's case remains strong because it

is based on audio recordings and one video recording of interactions between the A.V. and the

defendant.  The recordings appear to show the defendant collecting money from the A.V. on

behalf of an individual referred to by the defendant and the A.V. as "the kid."  There is evidence

---

safety of any other person and the community (Dkt. No. 20).  At the hearing, the government
withdrew its contention that the defendant posed a risk of nonappearance.

in the recordings raising an inference that the defendant was collecting extortionate interest from individuals in addition to the A.V. at the direction of "the kid."  In one recording, the defendant denied threatening the A.V.'s sister, but admitted threatening the A.V.'s brother-in-law with a beating (with the brother-in-law's wife's walker) if the brother-in-law helped the A.V. hide from the defendant. The defendant bragged about spitting in the face of another individual from whom he was collecting money, a boast that is particularly jarring because it appears from the dialog in the recording that the man the defendant boasted of spitting on died of a heart attack shortly thereafter.  The video recording is of an interaction in which the defendant slapped the A.V. four times with an open hand while demanding money, cursing and calling the A.V. a foul name. This encounter, which was brief, occurred in public close to Main Street in Springfield.  In other recordings, the defendant encouraged the A.V. to seek a reduction in the extortionate rate of interest he was paying and asked the A.V. to deal directly with "the kid" directly because the defendant did not want to be "dealing with this."  In summary, the government's evidence at the detention hearing showed threats of beatings, brutal language, and four slaps with an open hand delivered in public.  In view of questions raised about the A.V.'s truthfulness, I do not credit the evidence of his claim to have seen the defendant use mace and a taser on a different, unidentified victim about whom the government introduced no other information.

Aspects of the defendant's character stand in contrast to this picture.  Twelve letters from family members and friends submitted by the defendant in support of his bid for pretrial release establish that he lives with, and thoughtfully cares for, his elderly mother, who is the early stages of dementia.  He has a history of helping out and providing emotional comfort to a wide circle of family members and friends.  He has a number of serious medical ailments.  In 2004, he qualified for, and now collects, monthly social security disability payments.  He has very limited

financial resources and reported to Pretrial Services that he was in the process of filing for bankruptcy at the time of his arrest because of credit card debt. The pretrial services report indicates that the defendant has been charged with assault and battery, more often than not by a dangerous weapon, a total of six times. Assault and battery charges were dismissed three times. On three occasions, an assault and battery charge was continued without a finding or the defendant was sentenced to probation. He was convicted of witness intimidation in 1989 and sentenced to probation. His most recent conviction, in 2004, was for distribution of a controlled substance. He was sentenced to probation. So far as appears from the record, the defendant has consistently appeared in court when required to do so and has always completed probation successfully and uneventfully.

I find that the government has shown by clear and convincing evidence that the defendant would pose a risk of danger to another and the community if released pending trial. As the government contends, the defendant's release pending trial poses a risk of danger to A.V., who has now been identified as cooperating with the government. Although the defendant's conviction for witness intimidation was in 1989, he was also convicted of false statements in 1992. Aspects of his earlier criminal history involved the use of physical violence and his use of physical violence has been credibly alleged to have continued into the present. In addition to the possible risk to A.V., there is a possibility that the defendant could continue his alleged collection activities or seek to prevent others from cooperating in the government's investigation if he is released. *See id.* at 40-44.

"Finding that the defendant[] would pose a danger to the community if released . . . does not end the inquiry." *Id.* at 44. In view of the defendant's personal situation, his criminal history and his medical conditions the court concludes that are conditions of supervised release that will

4

reasonably ensure the safety of other persons and the community if he is released while this case is pending. In connection with this decision, the court reviewed a number of cases in which a federal court considered pretrial release or detention for an individual charged with extortion in the collection of a loan. In most of these cases, the government entered evidence, in the course of hearings on pretrial release, that the defendant was an alleged member of an organized crime family. *See, e.g., United States v. Esposito*, 309 F. Supp. 3d 24, 25 (S.D.N.Y. 2018); *Agnello*, 101 F. Supp. 2d at 110; *Quintana*, 845 F. Supp. at 40-44; *United States v. DiGiacomo*, 746 F. Supp. 1176, 1178 (D. Mass. 1990); *see also Tortora*, 922 F.2d at 882. The defendants in these cases, who were detained or released pending trial on exceptionally stringent conditions, have generally been shown to be leaders or to have lengthy criminal histories as members of organized crime. The government has not entered evidence in this case that the defendant was a leader or, for that matter, a member of an organized crime family, or that he had a lengthy criminal history as a member of organized crime. In *Esposito*, the most recent of the cases cited above, the government did not contest the release, on conditions not described in the opinion, of defendant Vincent Esposito's co-defendants, who had a less significant role in the alleged racketeering conspiracy. *Esposito*, 309 F. Supp. 3d at 26. Here, the government's evidence, while sufficient to establish that the defendant is dangerous, shows him as, in essence, someone allegedly performing errands – sometimes reluctantly – for "the kid." There was no credible evidence that the defendant used weapons in connection with this alleged illegal activity. While the court certainly does not condone the abusive language, threats of violence, and use of physical force shown on the audio and video recordings, the court finds that there are conditions of supervised release, including home confinement, that can reasonably assure the safety of the community pending resolution of this case. In making this decision, the court is mindful that the

defendant has never been charged with committing an offense while he was on probation and has, on more than five occasions, complete a period of probation without any allegations of violation, indicating a reasonable assurance the defendant will comply with conditions imposed by this court at this time.

A form of conditions of release for the defendant is attached hereto as exhibit 1.  The United States Marshal is ordered to keep the defendant in custody until he has posted bond and complied with all other conditions of release.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
Dated: August 16, 2019                    United States Magistrate Judge