

# NIKOLAS ANDREOPOULOS
ATTORNEY AT LAW

One Monarch Place
Suite 1850
Springfield, MA 01144
**Tel**  413.732.1099
**Fax**  413.304.6009
NikolasALaw@aol.com

June 8, 2020

Assistant United States Attorney Marianne Shelvey
United States Department of Justice
1031 New York Avenue, NW, Suite 700
Washington, D.C. 20530

Assistant United States Attorney Neil Desroches
United States Department of Justice
300 State Street, Suite 230
Springfield, MA 01105

**RE: *Discovery Letter* - USA v. Anthony Scibelli, 19-CR-30027-MGM**

Dear Attorney Shelvey & Attorney Desroches:

    In accordance with Local Rule 116.3, I write to inform you of discovery issues in the above-referenced case. First, the vast majority of "Surveillance Reports" and "CI Debrief" reports turned over in discovery are heavily redacted. Most of the "Surveillance Reports" are barely coherent due to the redactions. I request that you provide me with unredacted reports. As you already know, your office moved for and received a protective order from the Court which provides strict limits on disclosing the contents of the discovery. I therefore see no valid reason for why I, as Defense Counsel, should not be provided with unredacted "Surveillance Reports" and "CI Debrief" reports.

    Second, I respectfully request that your office provide more information concerning the "confidential human source" or "CHS" who your office contends was a "victim" in this case. As you know, the CHS is a critical witness to the conduct at issue in the case at bar and was disclosed as a potential witness in the Government's list of witnesses dated January 28, 2020. To date, I have only received limited information concerning CHS. I respectfully request any and all records and/or reports maintained by, or within the control of, the United States Department of Justice (hereinafter "DOJ") or the Federal Bureau of Investigation (hereinafter "FBI") relating to the informant including but not limited to the following:

    i.    Copies of any and all "suitability reviews/reports" and/or recommendations concerning the "CHS" utilized in this case which should include the following information – when the "Suitability Inquiry Period" began and the "Initial Suitability Report and Recommendation";

ii. Records, reports, information, or agreements concerning the "CHS" motivation in providing information or assistance, including any consideration sought from the government for this assistance;

iii. Information concerning the "CHS" prior record as a witness in any proceeding;

iv. Records, reports, information or agreements the "CHS" may have entered into with law enforcement agents that concern obligations and/or expectations of future judicial or prosecutive consideration;

v. Information concerning whether "CHS" is a substance abuser or has a history of substance abuse or information concerning "CHS" being involved in the drug trade;

vi. Records, reports, information, or agreements concerning the "CHS" prior or current service as an informant, Cooperating Defendant/Witness, or Source of Information, including, but not limited to, any information regarding whether the person was at any time terminated for cause;

vii. A copy of the informant's "performance record" from the agent directly responsible for the informant's supervision;

viii. Information relating to the closing or terminating of the informant's status as a confidential informant.

Lastly, I request to be provided with more information concerning the individual listed as witness #5 on the Government list of witnesses dated January 28, 2020. I understand that this individual is currently being prosecuted by your office. Therefore, I ask that you provide with the following information concerning this subject:

i. The "automatic discovery" which exists, per Fed. R. Crim. P. 16, relating to the indictment currently pending against this subject;

ii. The witness' court activity record, including in-state (CORI), out-of-state (NCIC) and federal;

iii. Any and all statements allegedly made by the witness which in any way relate to the case at bar, to include oral declarations, text messages, or email communications;

iv. Any and all information relating to rewards, promises or inducements offered to the witness.

Sincerely,

Nikolas Andreopoulos
Attorney at Law